UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANNETTE WOOD,

    Plaintiff,

v.   CASE NO. 6:16-cv-241-Orl-28JBT

CAROLYN W. COLVIN,
Acting Commissioner of the
Social Security Administration,

    Defendant.
_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the undersigned on Plaintiff's appeal of an administrative decision denying her application for a Period of Disability and Disability Insurance Benefits. In a decision dated May 20, 2014, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled from November 19, 2011, the alleged onset date, through the date of decision. (Tr. 21–34.) Having considered the parties' memoranda and being otherwise fully advised, the undersigned respectfully **RECOMMENDS** that the Commissioner's decision be

---

[1] "Within 14 days after being served with a copy of [this Report and Recommendation], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1; Local Rule 6.02.

**REVERSED and REMANDED** for further administrative proceedings.

## I.   Issues on Appeal

Plaintiff raises the following two issues on appeal:

> Issue Number 1:
>
> Whether the ALJ erred in determining that the claimant has the residual functional capacity to perform light [work] with some non-exertional limitations after failing to adequately consider and provide adequate weight to the opinion of the claimant's treating facility, failing to weigh all of the opinions in the record, and failing to adequately weigh the opinion of the non-examining state agency physicians.
>
> Issue Number 2:
>
> Whether the ALJ properly relied on the testimony of the Vocational Expert after posing and relying on a hypothetical question that did not adequately reflect the limitations of the claimant.

(Doc. 22 at 2.)

## II.   Summary of Recommendation

The undersigned recommends that the ALJ committed three errors that cumulatively warrant reversal: (1) failure to adequately address the disability determination of the Department of Veterans Affairs ("VA"); (2) failure to address the opinion of a treating psychologist, Dr. Lenore Levin; and (3) failure to address the opinion of psychologist Dr. Daniel Philpot.  The undersigned also recommends that the Court need not address any of the other issues raised by Plaintiff because the Commissioner's analysis may change upon reassessment of the aforementioned issues.

### III. Standard of Review

As the Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is *de novo*." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

### IV. The ALJ's Decision

In his decision, at step two of the sequential evaluation process, the ALJ found that Plaintiff had the severe impairments of "disorders of the foot, rheumatoid arthritis, disorders of the hip, arthropathy, disorders of the spine, affective disorder, and posttraumatic stress disorder (PTSD)."[2]  (Tr. 23.) Prior to step four, the ALJ found that Plaintiff had the residual functional capacity ("RFC"):

> [T]o perform light work as defined in 20 CFR 404.1567(b) except the claimant needs to avoid ladders or unprotected heights. She needs to avoid the operation of heavy moving machinery. The claimant needs a low stress work environment (i.e., no production line). The claimant needs simple tasks. She needs to avoid contact with the public. She can occasionally bend, crouch,

---

[2] The sequential evaluation process is described in the ALJ's decision. (Tr. 22–23.)

3

>   kneel, stoop, squat, or crawl.  She needs a monocane for ambulation.  She needs to avoid the push pull of arm controls and the operation of foot controls.  The claimant is limited to occasional interactions with supervisors and coworkers.

(Tr. 26.)

Based on the RFC, and the testimony of the vocational expert ("VE"), the ALJ found that Plaintiff was unable to perform her past relevant work, but that jobs existed in significant numbers in the national economy that Plaintiff could have performed during the period at issue.  (Tr. 32–34.)  Therefore, Plaintiff was not disabled.  (Tr. 34.)

**V.     Analysis**

On January 18, 2013, the VA "granted entitlement to the 100% rate effective December 7, 2011, because [Plaintiff is] unable to work due to [her] service-connected disability/disabilities."  (Tr. 232.)  Plaintiff was assigned a 70% disability for posttraumatic stress disorder and major depressive disorder; 30% for post-operative hysterectomy; and 10% for "left foot exotosis [sic] with hallux valgus."  (Tr. 232–33.)  This gave her an overall or combined rating of 80%.  (Tr. 233.)

Numerous Eleventh Circuit cases recognize that although a VA disability rating is not binding on the Commissioner, it is evidence that must be considered and is entitled to "great weight."  See, e.g., Brady v. Heckler, 724 F.2d 914, 921 (11th Cir. 1984) ("Although the V.A.'s disability rating is not binding on the [Commissioner], it is evidence that should be given great weight.") (internal quotation marks and citation omitted); Bloodsworth v. Heckler, 703 F.2d 1233,

4

1241 (11th Cir. 1983) ("The findings of disability by another agency, although not binding on the [Commissioner], are entitled to great weight."); *Kemp v. Astrue*, 308 F. App'x 423, 426 (11th Cir. 2009) ("'A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight.'") (quoting *Rodriguez v. Schweiker,* 640 F.2d 682, 686 (5th Cir. 1981)).[3]

In this case, the ALJ addressed Plaintiff's VA disability rating as follows:

> The undersigned has not accorded any significant weight to the decision by the Veteran's Administration (VA) disability board that the claimant is 100% disabled (Exhibit 5D). The VA decision includes factors that are not germane to the issue of disability under the Social Security Act. Moreover, the undersigned Administrative Law Judge is not bound by the decision of another governmental or non-governmental agency (20 CFR 404.1504). Consequently, while the clinical findings reported by the VA medical staff were given appropriate weight as treating sources, the final opinion as to degree of disability is not entitled to any significant weight.

(Tr. 32.)

The undersigned recommends that the ALJ inadequately addressed Plaintiff's VA disability rating. He neither gave it great weight nor sufficiently explained why he was not doing so. His brief explanation that the VA decision includes unidentified "factors that are not germane to the issue of disability under the Social Security Act" is insufficient to allow for meaningful review. *See Hanna*

---

[3] Although the undersigned does not rely on unpublished opinions as binding precedent, they may be cited throughout this Report and Recommendation as persuasive authority on a particular point. Rule 32.1 of the Federal Rules of Appellate Procedure expressly permits a court to cite to unpublished opinions that have been issued on or after January 1, 2007. Fed. R. App. P. 32.1(a).

5

*v. Astrue*, 395 F. App'x 634, 636 (11th Cir. 2010) ("The ALJ must state the grounds for his decision with clarity to enable us to conduct meaningful review.") (citation omitted). The reviewing court is left to guess what factors the ALJ is referring to. Therefore, reversal and remand for further administrative proceedings is recommended.

In arguing against reversal, Defendant relies primarily on the unpublished decision of *Ostborg v. Comm'r of Soc. Sec.*, 610 F. App'x 907 (11th Cir. 2015). (Doc. 23 at 4–5.) The undersigned recommends that *Ostborg* is distinguishable because in that case, the Eleventh Circuit determined that "the ALJ closely scrutinized the VA's disability decision and gave specific reasons for determining the VA's determination had little bearing on Ostborg's case." *Id*. at 914. That cannot be said in this case. In this case, the ALJ appears to have paid little attention to the VA disability determination and did not give specific reasons for discounting it. Rather, the undersigned recommends that this case is more similar to *Rodriguez*, in which the court stated:

> Although the ALJ mentioned the Veterans Administration disability rating on Rodriguez, he obviously refused to give it much weight. A VA rating is certainly not binding on the Secretary, but it is evidence that should be considered and is entitled to great weight. A VA rating of 100% disability should have been more closely scrutinized by the ALJ.

*Rodriguez*, 640 F.2d at 686 (citations omitted).[4] *See also Brady*, 724 F.2d at 921 (holding ALJ's decision was not supported by substantial evidence and remanding for full evaluation of all the evidence, including the VA's disability rating); *Gibson v. Comm'r of Soc. Sec.*, 725 F. Supp. 2d 1347, 1351 (M.D. Fla. 2010) (determining ALJ erred by rejecting VA's disability rating because the criteria differ from the Commissioner's "without any true analysis of the basis for the VA rating"); *Hogard v. Sullivan*, 733 F. Supp. 1465, 1469 (M.D. Fla. 1990) ("The ALJ's perfunctory rejection of the VA disability rating as based on different criteria from Social Security disability determinations does not indicate that he accorded it great weight as required by the case law."); *Burch-Mack v. Comm'r of Soc. Sec.*, 8:15-cv-1167-T-JSS, 2016 WL 4087477, at *4 (M.D. Fla. Aug. 2, 2016) (concluding that ALJ "superficially considered the VA's disability rating and did not engage in meaningful review of the VA's disability determination").

Even if reversal was not warranted based only on the ALJ's failure to adequately address the VA disability determination, the undersigned recommends that the ALJ also erred in failing to address the opinions of two VA psychologists, Dr. Lenore Levin and Dr. Daniel Philpot. (Tr. 728, 893–906.) It appears that at least Dr. Levin was a treating psychologist. (Tr. 728.) Dr. Levin opined in part that "from a mental health standpoint, [Plaintiff] suffered from chronic PTSD and is not

---

[4] This case is binding precedent. *See Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) (adopting all decisions of the former Fifth Circuit announced before October 1, 1981 as binding precedent in the Eleventh Circuit).

capable of participating in gainful employment." (Tr. 728.)  Dr. Philpot opined in part that "[w]ith regard to individual unemployability, the veteran appears to demonstrate occupational and social impairment with deficiencies in most areas of his/her life." (Tr. 904.)

The Eleventh Circuit has stated:

> [T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor. *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987) (per curiam).  "In the absence of such a statement, it is impossible for a reviewing court to determine whether the ultimate decision on the merits of the claim is rational and supported by substantial evidence."   *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir. 1981).

*Winschel*, 631 F.3d at 1178–79.   The undersigned recommends that even assuming the ALJ could have discounted these opinions, he still should have addressed them.  Coupled with the failure to adequately address the VA disability determination, the undersigned recommends that reversal and remand is warranted.

Finally, the undersigned recommends that the Court need not address any further issues raised by Plaintiff because the Commissioner's analysis may change based on a reconsideration of the aforementioned issues.  Moreover, the second issue raised on appeal is merely a reformulation of the first issue.

## VI.   Conclusion

Accordingly, it is respectfully **RECOMMENDED** that the Court enter an order stating in substance:

8

"1. The Clerk of Court is directed to enter judgment, pursuant to sentence four of 42 U.S.C. § 405(g), **REVERSING** the Commissioner's decision and **REMANDING** with instructions to the Commissioner to: (a) adequately address the VA disability determination in accordance with this decision; (b) address the opinions of Dr. Lenore Levin; (c) address the opinions of Dr. Daniel Philpot; (d) reconsider Plaintiff's RFC if appropriate; and (e) conduct any further proceedings deemed appropriate.

2. The Clerk of Court is further directed to close the file.

3. Should this remand result in the award of benefits, pursuant to Rule 54(d)(2)(B) of the Federal Rules of Civil Procedure, Plaintiff's attorney is **GRANTED** an extension of time in which to file a petition for authorization of attorney's fees under 42 U.S.C. § 406(b). Plaintiff's attorney shall file such a petition within **thirty (30) days** from the date of the Commissioner's letter sent to Plaintiff's counsel of record at the conclusion of the Agency's past due benefit calculation stating the amount withheld for attorney's fees. *See* In re: *Procedures for Applying for Attorney's Fees Under 42 U.S.C. §§ 406(b) & 1383(d)(2)*, Case No. 6:12-mc-124-Orl-22 (M.D. Fla. Nov. 13, 2012). This Order does not extend the time limits for filing a motion for attorney's fees under the Equal Access to Justice Act, 28 U.S.C. § 2412."

**DONE AND ENTERED** at Jacksonville, Florida on January 6, 2017.

JOEL B. TOOMEY
United States Magistrate Judge

Copies to:

The Honorable John Antoon, II
Senior United States District Judge

Counsel of Record